STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
CASE TYPE: Civil Other/Misc.

---

Julie Dalton,

                    Plaintiff,

vs.

Royal Stars Liquidators, Inc.,

                    Defendant.

Court File No. _____
Judge _____

**ANSWER**

---

       Defendant, Royal Stars Liquidators, Inc. ("Defendant"), for its Answer to Plaintiff Julie Dalton's ("Plaintiff") Complaint states and alleges as set forth below. Defendant denies each and every matter, statement, and thing contained in Plaintiff's Complaint, except as hereinafter admitted or qualified.

### **INTRODUCTION**

1. With respect to Paragraph 1, Defendant is without sufficient information to admit or deny Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. With respect to Paragraph 2, Defendant is without sufficient information to admit or deny Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. With respect to Paragraph 3, Defendant is without sufficient information to admit or deny Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. With respect to Paragraph 4, Defendant ADMITS that it operates furniture stores in the State of Minnesota, and DENIES the remainder of the allegations.

5. With respect to Paragraph 5, Defendant ADMITS that royalstarfurniture.com is the website for its furniture business, and DENIES the remainder of the allegations.



6. With respect to paragraph 6, Defendant DENIES the allegations.

7. With respect to paragraph 7, Defendant DENIES the allegations.

8. With respect to paragraph 8, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

9. With respect to paragraph 9, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

10. With respect to paragraph 10, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

11. With respect to paragraph 11, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

12. With respect to paragraph 12, the allegation states a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

13. With respect to Paragraph 13, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

14. With respect to Paragraph 14, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

*[handwritten annotation: WITH DENY (?)]*

15. With respect to Paragraph 15, Defendant DENIES the allegation.

## PARTIES

16. With respect to paragraph 16, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same.

17. With respect to paragraph 17, Defendant ADMITS the allegation.

## FACTS APPLICABLE TO ALL CLAIMS

18. With respect to paragraph 18, Defendant is without sufficient information to admit or deny and therefore denies the same.

## DEFENDANT'S ONLINE CONTENT

19. With respect to paragraph 19, Defendant ADMITS that the website allows customers to purchase certain products from the website and DENIES the remainder of the allegation.

20. With respect to paragraph 20, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

## HARM TO PLAINTIFF

21. With respect to paragraph 21, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

22. With respect to paragraph 22, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

23. With respect to paragraph 23, Defendant is without sufficient information to admit or deny and therefore denies the same.

3

24.  With respect to paragraph 24, Defendant DENIES the allegations.

25.  With respect to paragraph 25, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

26.  With respect to paragraph 26, Defendant DENIS the allegations.

### DEFENDANT'S KNOWLEDGE OF ONLINE ACCESSIBILITY

27.  With respect to paragraph 27, Defendant DENIES the allegation.

28.  With respect to paragraph 28, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

29.  With respect to paragraph 29, the allegation states a legal conclusion, no response is required by Defendant.

### THE PARTIES HAVE NO ADMIINISTRATIVE REMEDIES TO PURSUE

30.  With respect to paragraph 30, Defendant DENIES the allegations.

31.  With respect to paragraph 31, the allegation states a legal conclusion, no response is required by Defendant.

32.  With respect to paragraph 32, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

33.  With respect to paragraph 33, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To the extent the allegation states a legal conclusion, no response is required by Defendant.

### SUBSTANTIVE VIOLATIONS

34. With respect to paragraph 34, Defendant incorporates and re-alleges by reference responses stated above.

35. With respect to paragraph 35, the allegation states a legal conclusion, no response is required by Defendant.

36. With respect to paragraph 36, the allegation states a legal conclusion, no response is required by Defendant.

37. With respect to paragraph 37, the allegation states a legal conclusion, no response is required by Defendant.

38. With respect to paragraph 38, the allegation states a legal conclusion, no response is required by Defendant.

39. With respect to paragraph 39, the allegation states a legal conclusion, no response is required by Defendant.

40. With respect to paragraph 40, the allegation states a legal conclusion, no response is required by Defendant.

41. With respect to paragraph 41, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

42. With respect to paragraph 42, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

43. With respect to paragraph 43, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

44. With respect to paragraph 44, Defendant DENIES the allegations.

45. With respect to paragraph 45, to the extent the allegation calls for a factual response, Defendant DENIES the allegations. To the extent the allegation states a legal conclusion, no response is required by Defendant.

46. With respect to paragraph 46, Defendant DENIES the allegations.

47. With respect to paragraph 47, Defendant DENIES the allegations.

48. With respect to paragraph 48, Defendant DENIES the allegations as Minn. Stat. 363A.33 is a remedy which may only be granted by an administrative law judge in an action which was started with a complaint by the commissioner of human rights.

## THE MINNESOTA HUMAN RIGHTS ACT, CHAPTER 363A

49. With respect to paragraph 49, Minn. Stat. §363A.11 speaks for itself.

50. With respect to paragraph 50, Minn. Stat. §363A.11 speaks for itself.

51. With respect to paragraph 51, Defendant DENIES the allegations.

52. With respect to paragraph 52, Defendant DENIES the allegations.

53. With respect to paragraph 53, Defendant DENIES the allegations.

54. With respect to paragraph 54, Defendant DENIES the allegations and further states that Plaintiff has failed to comply with the requirements of Minn. Stat. 363A.33 to bring a private action against Defendant.

55. With respect to paragraph 55, Defendant DENIES the allegations and further states that Plaintiff has failed to comply with the requirements of Minn. Stat. 363A.33 to bring a private action against Defendant.

56. With respect to paragraph 56, to the extent the allegation calls for a factual response, Defendant is without sufficient information to admit or deny and therefore denies the same. To

the extent the allegation claims a right to reasonable attorneys' fees, Plaintiff has failed to comply with the requirements of Minn. Stat. 363A.33 to bring a private action against Defendant.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant states and alleges as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint fails for lack of subject matter jurisdiction.

3. Plaintiff's Complaint fails for improper venue.

4. Plaintiff's Complaint fails for lack of standing.

5. Plaintiff's Complaint fails because Defendant's website is accessible to individuals with disabilities.

6. Plaintiff's Complaint fails, in whole or in part, because the requested relief imposes and undue burden or hardship, is not readily achievable, and is unnecessary.

7. Plaintiff's Complaint fails because she was not damaged or injured by any alleged violation of the ADA.

8. Plaintiff's Complaint fails for lack of notice to Defendant of any alleged violations of the ADA or Minnesota Statute prior to commencing litigation

9. Plaintiff's Complaint fails for her lack of compliance with 42 U.S.C. § 12188(a)(1), which requires Plaintiff to have actual notice that Defendant did not intend to comply with the applicable provisions of the ADA alleged to have been violated in its Complaint.

10. Plaintiff's Complaint fails as it has not exhausted all administrative remedies available to it prior to commencement of litigation.

11. Plaintiff's claims are barred as the remedies that she seeks are not readily achievable or easily accomplishable and able to be carried out without undue difficulty, expense, and they are unreasonable.

12. Plaintiffs claims are barred as Defendant is not required to provide a reasonable accommodation that is unreasonable or would create undue hardship.

13. Plaintiff's Complaint fails as to the extent Plaintiff used Defendant's website, she did so with the primary, if not sole, objective of creating the basis for a claim under the ADA and, accordingly, her claims are barred by the doctrine of unclean hands.

14. Plaintiff's Complaint fails as any alleged injury or damages to Plaintiff were not proximately caused by Defendant.

15. Plaintiff's Complaint fails because Plaintiff has failed to mitigate damages, if any.

16. Plaintiff's Complaint is barred by the doctrine of unclean hands and estoppel.

17. Plaintiff's Complaint fails because Defendant has made a good faith effort to comply with the ADA and Minnesota Human Rights Act.

18. Plaintiff's claims may be barred by any and all affirmative defenses contemplated by the Minnesota Rules of Civil Procedure. To the extent that Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically set forth herein, in order to preserve the defenses pending further discovery, Defendant incorporates by reference all affirmative defenses identified in Rule 8.03 of the Minnesota Rules of Civil Procedure. Defendant reserves the right to assert other and further defenses as the case progresses and discovery discloses grounds for such additional defenses.

WHEREFORE, Defendant requests a judgment from the Court as follows:

8

1.  That Plaintiff take nothing by their Complaint, and that the Complaint be dismissed in its entirety and on the merits;

2.  That Defendant be awarded all of its reasonable costs, disbursements, and attorneys' fees herein;

3.  That Defendant be awarded such other and further relief as this Court deems just and equitable.

**DUDLEY AND SMITH, P.A.**

Dated: February 28, 2022            By: _____
Katherine A. Brown Holmen (#0237401)
1295 Northland Drive, Suite 250
Mendota Heights, MN 55120
Tel. No. (651) 291-1717
kholmen@dudleyandsmith.com
*Attorneys for Defendant*

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. §549.211, against the attorney, law firm, or party that has violated or is responsible for violations of Minn. Stat. §549.211, subd. 2.

**DUDLEY AND SMITH, P.A.**

Dated: February 28, 2022            By: _____
Katherine A. Brown Holmen (#237401)
1295 Northland Drive, Suite 250
Mendota Heights, MN 55120
Tel. No. (651) 291-1717
kholmen@dudleyandsmith.com
*Attorneys for Defendant*